IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) JULIO RODRIGUEZ-MARQUEZ,<br>a/k/a "Julio Maserrati"<br>**2) JOSUE MENDEZ-RIVERA**,<br>a/k/a "Yeyow"<br>3) LOHENDY AMARO<br>Defendants | CRIMINAL 16-0499-02CCC |

**ORDER**

The Court has before it the Objections to Presentence Report filed by defendant [2] Josué Méndez-Rivera on June 2, 2017 (**d.e. 101**), to which the United States responded on June 23, 2017 (**d.e. 110**). Defendant's main objection is to the determination of his base offense level under U.S.S.G. section 2K2.1(a)(4)(B), claiming that he was not a "prohibited person" at the time he committed the offense of conviction. He has also challenged paragraph 11 of the Pre-Sentence Report (PSR) (d.e. 95) which references the waiver-of-appeal clause contained in his Plea Agreement with the government. We address them in turn.

**Objection to base offense level determination under U.S.S.G. section 2K2.1(a)(4)(B)**

The U.S. Probation Officer determined that the applicable base offense level to defendant's offense of conviction, conspiring to engage in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 371 and 922(a)(l)(A), is 20 under U.S.S.G. section 2K2.1(a)(4)(B). Said Guideline

CRIMINAL 16-0499-02CCC			2

section is applicable if, among other instances, the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and defendant was a prohibited person at the time he committed the offense. Defendant has no quarrel with the first prong of the Guideline which requires that the offense involved a semiautomatic firearm.  Indeed, in the stipulated version of facts of his Plea Agreement (d.e. 62) he accepted having delivered three such firearms to an undercover agent.  His issue is with his classification as a "prohibited person" for being a "drug user" (see Addendum to the Pre-Sentence Report, d.e. 99), which he avers is not supported by the evidence disclosed by the government nor by the statements he made during the bail interview proceedings.  In its response, the United States essentially states that during plea negotiations with defendant it had no information to establish that he was a drug user and, for that reason, agreed that defendant's base offense level should be 12 rather than 20 under U.S.S.G. section 2K2.1(a)(7).

In defining what is a "prohibited person," the Guidelines rely on the descriptions provided in 18 U.S.C. sections 922(g) or 922(n).  See Application Note 3 to U.S.S.G. section 2K2.1. Section 922(g)(3), applicable here, includes within the category of a "prohibited person" any person "who is an unlawful user of or addicted to any controlled substance."  The Court of Appeals, in turn, has held that an "unlawful user" is "one who engages in [(1)] regular use [(2)] over a long period of time [(3)] proximate to or contemporaneous with the possession of the firearm."  United States v. Caparotta, 676 F.3d 213, 216 (1st Cir. 2012).

CRIMINAL 16-0499-02CCC            3

Here, the U.S. Probation Officer based its classification of defendant as an "unlawful user" on his statement that he "started smoking marihuana at age 23 and last smoked it last year [2016]," and on having tested positive to cannabinoids upon his arrest on August 5, 2016." PSR, at page 16, paragraph 110. Absent from his admissions, however, is information on how frequently he used marihuana during that time span, which is necessary to establish the element of "regular use." To infer that defendant engaged in "regular use" from the bare facts on record would be plainly unreasonable. Thus, we SUSTAIN defendant's objection and find that the U.S. Probation Officer had no factual basis to conclude that defendant was an "unlawful user" of controlled substances qualifying him as a "prohibited person" meriting the application of an enhanced base offense level under U.S.S.G. section 2K2.1(a)(4)(B). The Court determines that the applicable base offense level is 12 under U.S.S.G. section 2K2.1(a)(7).

**Objection to paragraph 11 of the PSR**

Defendant also objected paragraph 11 of the PSR, claiming that it does not accurately describe the waiver-of-appeal clause contained in the Plea Agreement. We agree. Paragraph 11 states that "[t]here is a waiver of appeal clause, as such, the defendant agreed to waive all rights conferred by Title 18, U.S.C. § 3742." The waiver-of-appeal clause included in paragraph 10 of the Plea Agreement specifically provides, however, that "[d]efendant hereby agrees to waive and surrender his right to appeal the judgment and sentence in this case if the Court accepts this Plea and Forfeiture Agreement and sentences him according to its terms, conditions, and recommendations."

CRIMINAL 16-0499-02CCC                4

Thus, paragraph 11 should be amended to correctly reflect that the waiver of appeal is conditioned to defendant being sentenced according to the terms, conditions and recommendations of the Plea Agreement.

SO ORDERED.

At San Juan, Puerto Rico, on July 12, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge